IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILSON QUILES                                                           PLAINTIFF

v.                          Civil No. 04-3064

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Wilson Quiles, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On October 6, 2006, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #9 & 10).

Plaintiff's attorney, Rick Spencer, filed a Motion For Approval of Application For Attorney Fees Under *The Equal Access to Justice Act*[1] on January 6, 2006 (Doc. #11 & 12). The Commissioner filed her Response on January 18, 2005 (Doc. #13). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner does not object to

---

[1] Hereinafter the "*EAJA*",

AO72A
(Rev. 8/82)

the award of reasonable attorney fees and expenses in the amount of $52.52, under the *EAJA*, does not object to the hourly rate requested by plaintiff's counsel, and does not object to the number of reimbursable hours claimed by counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*.[2] Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002)*, citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985)*.

> To permit a fee award under the EAJA, assuming, of course, that the
> necessary standard is met, in addition to that allowed by the district court out
> of a claimant's past-due benefits does no more than reimburse the claimant for
> his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985)*. Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill

---

[2] In his motion, counsel for the plaintiff seeks, alternatively, the award of a fee under *42 U.S.C. § 406(b)* (Doc. #11, p. 2). This request is premature, and is therefore, denied.

required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A)*. Plaintiff's attorney requests an award under the *EAJA,* at the rate of $140.00 per hour for the 13.25 hours which he asserts were devoted to the representation of plaintiff in this Court. In support of his request for a higher hourly rate than allowed by statute, he has attached a copy of the Consumer Price Index indicating an increase in the cost of living (Doc. #12, Exhibit 2).

Without objection, we note that an award based upon this hourly rate, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $140.00 per hour.

Further, we have reviewed counsel's itemization of time attached to his Affidavit (Doc. #14, Exhibit A-1). The undersigned notes that counsel's time records reflect that upon each occasion counsel purportedly performed work on the plaintiff's case, he also "review[ed] the file." (Doc. #14, Exhibit A-1). The *EAJA* requires that a party seeking an award of fees and other expenses … "submit to the court an application… including an itemized statement from any attorney or expert witness…stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. The

-3-

undersigned concludes that the mere addition of the phrase "review of file" to each time entry, falls short of what the statute contemplates. Therefore, we deduct 5.5 hours from the amount of compensable time sought. This, particularly in light of the fact that repetitious reviews of the file notwithstanding, counsel for the plaintiff did not file take advantage of the opportunity afforded for him to file an appeal brief, herein.

Plaintiff's counsel also asserts that on December 28, 2004, February 24, 2005, May 27, 2005, October 4, 2005 and October 27, 2005, he spent one hour in "Client conference. Review of file." The undersigned has already deducted 2.5 hours from the time sought, as noted above, for the vagueness of counsel's notations as to his "review of file." The notation of a "client conference" fares no better. Boilerplate entries lack the requisite specificity for recovery. See *Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004)* (finding that the generic entries of "research and writing" are inadequate to meet the fee applicant's obligation to present well-documented claims). Such entries are inadequate because counsel does not state the purpose or subject matter of these repeated conferences and review of the file. *Id.* The undersigned also notes that these entries are excessive and redundant. As has been noted, counsel for the plaintiff did not file an appeal brief in the instant case, and, in fact, filed no pleadings before this court after filing the Complaint, until the instant application for attorney fees. Counsel did not conduct any work on this case at this time; rather, the parties were simply waiting for the Court to issue a judgment. Furthermore, Counsel claimed he spent 16 hours conferring with Plaintiff and reviewing the file at the administrative level as well. See Pl. App. at Ex. "A." After the excessive amount of time spent conferring with the plaintiff and reviewing the file at the

-4-

AO72A
(Rev. 8/82)

administrative level, Counsel does not need an additional 5 hours to review the same exact information. See *Bowman v. Secretary of H.H.S., 744 F.Supp 898, 900 (E.D.Ark 1989)* (finding that periodic review of files is entirely appropriate, but one seems excessive, particularly since counsel did not report any work on the matter for another week). Accordingly, the Court reduces the remaining 2.5 hours claimed for client conferences to 1 hour. Total deductions from the compensable time sought equal 7 hours.

Accordingly, we find that counsel is entitled to compensation for 6.25 hours at the rate of $140.00 per hour, for an attorney's fee of $910.00, plus reimbursement of expenses in the amount of $52.52, for a total award of $962.52 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 14th day of April, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)